FILED
NOV 18 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:26CR556 SEP/SRW |
| v. | ) | |
| | ) | |
| KEMONDREA GARNER, | ) | |
| a/k/a "Draco," | ) | |
| | ) | |
| Defendant. | | |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its Attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Joseph L. Hendrickson, Special Assistant United States Attorney for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three days from the date of Defendant's initial appearance before the United States Magistrate under Title 18, United States Code, § 3141, et seq.

As and for its grounds for detention, the government requests this Court consider the following factors under Title 18, United States Code, Section 3142.

**Grounds for Detention**

1. Defendant is charged with Carjacking under Title 18 United States Code, Section 2119, which carries a maximum penalty of 15 years imprisonment; Using, Possessing and Brandishing of a Firearm in Furtherance of a Crime of Violence under Title 18, United States Code, Section 924(c)(1)(A)(ii), which carries a minimum

penalty of 7 years imprisonment and a maximum penalty of life imprisonment, consecutive to any other term of imprisonment that is imposed; and Felon in Possession of a Firearm, under Title 18, United States Code, Section 922(g)(1) and 924(a)(8), which carries a maximum penalty of 15 years imprisonment.

**Presumption in Favor of Detention**

2. Accordingly, a rebuttable presumption arises under Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions that will reasonably assure Defendant's appearance as required, and the safety of the community.

**Nature and Circumstances of the Offense**

3. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense involves a crime of violence or a firearm. The offenses Defendant is charged with involve both a crime of violence and a firearm, therefore, it is serious.

4. According to law enforcement records of the Saint Louis Metropolitan Police Department and the Federal Bureau of Investigation, on July 8, 2026, at approximately 2:40 pm, victim C.R., age 74, reported that she was carjacked. She stated she arrived at her residence, in her vehicle, a burgundy 2018 Chrysler 300. She parked her vehicle on the rear parking pad of her residence when she observed a green Kia entering the alley way behind her. The Kia stopped directly behind her vehicle. A male suspect exited the Kia, produced a black handgun, and pointed it at C.R. The suspect was wearing all black clothing and a black balaclava style mask.

The suspect stated, "Give me your key's bitch!" Victim C.R. exited her vehicle and handed her keys to the suspect. The suspect entered C.R.'s vehicle and fled the scene traveling west through the alley towards N. 20th Street. The green Kia followed the Chrysler 300 away from the scene. The green Kia was determined to be Kia Soul which had been stolen from Richmond Height, Missouri, earlier the same day.

5. Later on July 8, 2026, at approximately 3:55 pm, an officer with the East St. Louis, Illinois Police Department spotted the Chrysler 300 being driven erratically and did not have license plates. When the police officer started following the vehicle, the driver drove at a high rate of speed, disregarded posted stop signs, and swerved around vehicles. While fleeing, the Chrysler 300 was damaged when it struck another vehicle causing it to become inoperable. The driver jumped out of the vehicle and successfully fled on foot behind a school. A cell phone was recovered from the vehicle. The driver appeared to be a male, dressed in black athletic joggers, a white t-shirt, and a black garment covering his face and arms.

6. The investigation, including a search of the cell phone and social media sites and the video surveillance of the suspect running behind the school, identified Kemondrea Garner as a suspect. Victim C.R. was shown social media pictures of Garner where he is holding a black AR-style rifle while wearing black and grey Nike Tech style hooded sweatshirt, black sweatpants and black shoes. C.R. immediately stated, “That's him, that's the gun he pointed at me.” Garner’s fingerprints were found on the Chrysler 300.

7. Also, on July 8, 2026, the green stolen Kia Soul was recovered by East St. Louis Police at 13th Street and Pennsylvania Avenue, in East St. Louis, Illinois, which was less than half a mile from where the Chrysler 300 was abandoned. An unknown suspect wearing all red successfully fled on foot. Fingerprints taken from the rear passenger side door of the green Kia Soul were identified as belonging to Garner.

8. On August 4, 2026, Garner was taken into custody by the Illinois State Police and U.S. Marshals Service at his residence in Belleville, Illinois. A search warrant was executed at the residence which revealed the black AR 15-Pistol semiautomatic firearm with a magazine containing 26 cartridges, the black and grey Nike Tech style zip up hooded sweatshirt, black sweatpants, and black Nike Air Force-1 shoes all of which were depicted in Garner's social media posts and were observed in the video surveillance of Garner running from the abandoned Chrysler 300.

9. Garner was interviewed after his arrest. In a post-*Miranda* statement, he gave conflicting accounts of the carjacking but eventually admitted that he was the one who exited the passenger side of the green Kia Soul and took the Chrysler 300 from the elderly victim utilizing the AR15-Pistol and clothing which were seized from his residence. Garner advised that he is a member of the EBK (Every Body Kills) Gang which is a blood set gang in East St. Louis.

**The Weight of the Evidence**

10. Title 18, United States Code, Section 3142(g)(2) requires this Court to consider the weight of the evidence against Defendant. As noted above, the weight of evidence against Garner is strong. Victim identification, gun possession, and admissions place him as the gunman in the carjacking.

**The History and Characteristics of Defendant**

11. Title 18, United States Code, Section 3142(g)(3) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length of residence in the community and community ties, past conduct, history of drug or alcohol abuse, criminal history, and history related to appearing for court hearings.

12. While Defendant may have resided in the metro East St. Louis community for the majority of his life, the other factors the Court is required to consider weigh in favor of detention, specifically Defendant's past criminal history.

13. Defendant's criminal history includes the following conviction:

(i) Carjacking/Discharging a Firearm; St. Clair County, Illinois, Circuit Court (Docket No. 20CF1194), and on September 4, 2020, he was sentenced to 8 years prison.

14. Defendant has a significant and violent history for an offense similar to the instant offense. Thus, his past conduct and criminal history demonstrates that he is both a danger to the community and a flight risk and weighs in favor of detention.

**The Nature and Seriousness of the Danger to the Community**

15. Defendant poses a significant danger to the community. The nature and circumstances of this offense reveal an incredibly dangerous individual. The Defendant carjacked a 74-year-old individual at gunpoint. Moreover, the Defendant fled from police in a reckless manner damaging the carjacked vehicle. These acts reveal an extremely reckless attitude toward the safety of the community.

16. As previously noted, Defendant has a significant violent history, involving a conviction for Carjacking/Discharging a Firearm. Since August 4, 2026, he has been detained without bond for pending charges related to the instant offense in the Circuit Court of St. Louis (Docket No. 2622-CR02624).

17. The safety of the community would clearly be at risk if the Court released Defendant on bond. *See* 18 U.S.C. § 3142(g)(4).

**Risk of Flight**

18. Defendant faces a lengthy term of imprisonment; therefore, his risk of flight is significant. Count II carries a mandatory minimum of at least seven years, consecutive to all other sentences. The potential sentence for the instant offense is longer than any term of imprisonment that he had previously served.

**Conclusion**

19. The government submits that after considering all the factors in Title 18, United States Code, Section 3142(g), including the presumption in favor of detention, the Court will find that they weigh in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably

assure the safety of any person and the community and there is a preponderance of evidence that no condition or combination of conditions will reasonably assure Defendant's appearance in court.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Joseph L. Hendrickson*
JOSEPH L. HENDRICKSON (MO 44851)
Special Assistant United States Attorney